HAYNES AND BOONE, LLP
Mark D. Erickson/Bar No. 104403
  mark.erickson@haynesboone.com
Kimberly A. Chase/Bar No. 253311
  kimberly.chase@haynesboone.com
18100 Von Karman, Suite 750
Irvine, California 92612
Telephone: (949) 202-3000
Facsimile: (949) 202-3001

HAYNES AND BOONE, LLP
Melissa M. Goodman/Texas Bar No. 790648*
  melissa.goodman@haynesboone.com
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
* *Admitted pro hac vice*

Attorneys for Defendant
COMMERCIAL METALS COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE

| | |
|---|---|
| CHERYL KONRATH, an Individual,<br><br>    Plaintiff,<br><br>vs.<br><br>COMMERCIAL METALS COMPANY; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: EDCV 12-00670-VAP (SPx)<br><br>ASSIGNED TO:<br>    Hon. Virginia A. Phillips<br>    Courtroom 2<br><br>**PROTECTIVE ORDER** |

The terms and conditions of this Protective Order shall govern the handling of documents, answers to interrogatories and requests for admission, depositions, pleadings, exhibits, and all other information and things exchanged by Plaintiff Cheryl Konrath ("Konrath") and Defendant Commercial Metals Company ("CMC") (collectively, "the parties") in this action. This Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal. Good cause appearing for this Protective Order, it is hereby ORDERED:

1. **Scope of Order.** This Protective Order shall govern:

    (a) all testimony at depositions, pre-trial hearings, and at trial;

    (b) all documents, information, materials, or things produced by any party or third-party in response to discovery requests and subpoenas, both formally or informally, under the Federal Rules of Civil Procedure, or otherwise; and

    (c) all copies, abstracts, excerpts, analyses, summaries, or other materials (written, electronic, or in other form) that contain, reflect, or disclose information contained in such testimony, documents, or other materials. The items listed in (a)-(c) above shall be referred to as "Discovery Materials."

2. **Right to Designate.** Any party to this litigation shall have the right to designate Discovery Materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PROTECTED HEALTH INFO" pursuant to the terms of this Protective Order. Discovery Materials designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFO" will be referred to as "Designated Materials." Any third-party producing documents pursuant to a subpoena or otherwise may designate Discovery Materials as Designated Materials pursuant to this Protective Order only if an authorized representative of the producing third-party executes a written acknowledgment,

substantially in the form of Exhibit 1 annexed to this Protective Order, that the non-party has reviewed a copy of the Protective Order, will comply with its terms, and will submit to the jurisdiction of this Court for adjudication of any dispute regarding that third-party's designations under the Protective Order. All designations must be made in good faith and on reasonable belief that the designation accurately reflects the definition of CONFIDENTIAL, HIGHLY CONFIDENTIAL, or PROTECTED HEALTH INFO materials.

3. **Confidential Materials.** Materials marked "CONFIDENTIAL" shall be those Discovery Materials that the party making the designation (the "Designating Party") in good faith reasonably believes to comprise non-public, proprietary, or confidential information (including but not limited to trade secrets,[1] confidential research, development, or other confidential or proprietary information not shared or disclosed to third parties) of the Designating Party or information subject to a right of privacy.

4. **Highly Confidential Materials.** Materials marked "HIGHLY CONFIDENTIAL" shall be those Discovery Materials, including any document, file, portion of file, transcribed testimony, or other material that the Designating Party in good faith reasonably believes to comprise trade secrets or other competitively sensitive confidential information, the disclosure of which would be likely to cause competitive harm. Discovery Materials may only be designated HIGHLY CONFIDENTIAL if the Designating Party believes in good faith that designation as CONFIDENTIAL will not provide adequate protection.

5. **Protected Health Info.** Materials marked "PROTECTED HEALTH INFO" shall be those Discovery Materials that the Designating Party in good faith reasonably believes to comprise health or medical documents and

---

[1] California Civil Code Section 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

information of Konrath or third parties, the disclosure of which is limited or prohibited under applicable California and/or federal law, including the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. parts 160, 162, and 164 ("Protected Health Information"). In designating material as PROTECTED HEALTH INFO, the Designating Party represents that it has a bona fide belief that the document or information constitutes private or confidential patient health or medical information that is subject to a legally protected right of privacy or protected from disclosure under HIPAA or other laws. Protected Health Information includes, without limitation, health information, including demographic information, relating to: an individual's past, present, or future physical or mental health or condition; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, any of which identifies or reasonably could be expected to identify the individual, and includes the patient identifying information enumerated in 45 C.F.R. Section 164.514(b)(2)(i). Protected Health Information also includes, without limitation, medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts, and oral communications that are based on or derived from patient health information.

  6.  **Disclosure of Confidential Materials.** Information designated as "CONFIDENTIAL" ("Confidential Information") shall be used by the party receiving such information solely for purposes related to this litigation and may be disclosed only to the following persons:

    (a) the party receiving such information;

    (b) officers, directors, and employees of a party to whom it is deemed necessary that the documents be shown for purposes of the litigation, provided that any such persons shall be advised

that they are subject to the terms of this Protective Order before being provided Designated Materials;

(c) in-house and outside counsel for the respective parties, and support staff (including outside vendors such as photocopying services) engaged in work for such counsel to assist in this litigation (collectively "Counsel"), provided that Counsel shall be responsible for advising support staff and employees of Counsel that they are subject to the terms of this protective order before being provided Designated Materials;

(d) experts or consultants retained for purposes of this litigation, provided that there is a reasonable basis to believe the witness will give relevant testimony based on or regarding the Confidential Information and the expert or consultant first signs the Acknowledgement attached to this Protective Order as Exhibit 1 before being provided the Confidential Information;

(e) witnesses in the course of deposition, hearing, or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the Confidential Information is necessary, and any person being prepared to testify, where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his/her examination with respect to the Confidential Information is necessary in connection with such testimony; persons to whom Confidential Information are disclosed pursuant to this subparagraph may not be permitted to retain copies of the Confidential Information;

(f) the author of the Confidential Information and anyone shown

as having received the Confidential Information in the ordinary course of business;

(g) court reporters and persons preparing transcripts of depositions;

(h) the Court, court personnel, and jurors or potential jurors; and

(i) any other person upon order of the Court or upon stipulation of the Designating Party, in writing or on the record of a deposition, or at a hearing or trial.

7. **Disclosure of Highly Confidential Materials.** Information designated as "HIGHLY CONFIDENTIAL" ("Highly Confidential Information") shall be used by the party receiving such information solely for the purposes related to litigation between the parties and may be disclosed only to the following persons:

(a) Counsel, as defined above;

(b) experts or consultants retained for purposes of this litigation, provided that there is a reasonable basis to believe the witness will give relevant testimony based on or regarding the Highly Confidential Information and the expert or consultant first signs the Acknowledgement attached to this Protective Order as Exhibit 1 before being provided Highly Confidential Information;

(c) the author of the Highly Confidential Information and anyone shown as having received the Highly Confidential Information in the ordinary course of business;

(d) court reporters and persons preparing transcripts of depositions;

(e) the Court, court personnel, and jurors or potential jurors; and

(f) any other person only upon order of the Court or upon

stipulation of the Designating Party, in writing or on the record of a deposition, hearing or trial.

8. **Disclosure of Protected Health Information.** Among other things, this Protective Order is intended to meet the requirements of a "Qualified Protective Order" as set forth in 45 C.F.R. 164.512(e)(1)(v). Accordingly, Protected Health Information may be disclosed to the categories of persons enumerated in paragraph 6 above, provided that:

(a) the parties are prohibited from using or disclosing such Protected Health Information for any purpose other than the litigation;

(b) the parties shall return to producing party or destroy the Protected Health Information (including all copies) at the end of the litigation. In the event a party elects to destroy the Protected Health Information, the party shall supply to the other party a sworn declaration verifying the destruction. In no event shall any original Protected Health Information be destroyed; all original Protected Health Information shall be returned to producing party.

(c) For any Protected Health Information of non-party individuals, the names and social security numbers of the non-party individual identified in the PROTECTED HEALTH INFO may be redacted to protect the identity of the patients, if the Designating Party believes that it is warranted under the particular circumstances.

9. **Obligations of Recipient.** Persons who are authorized to review Designated Materials under paragraphs 6, 7, or 8 shall hold such materials in confidence and shall not disclose their contents, either verbally or in writing, to any person not otherwise authorized to receive such information under this Protective

Order. Copies of Designated Materials shall be made only to the extent necessary to facilitate permitted use under this Protective Order. The recipient of Designated Materials provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. Designated Materials shall not be copied, reproduced, summarized, or abstracted, except to the extent that such copying, reproduction, summarization, or abstraction is reasonably necessary for purposes related to this lawsuit. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of the Order, and labeled in the same manner as the Designated Materials on which they are based.

10. **Procedure for Seeking Permission to Disclose to Others.** In the event a Party deems it necessary or appropriate to disclose any Materials designated as "CONFIDENTIAL" or "PROTECTED HEALTH INFO" to any person not specified in paragraph 6, or to disclose any Discovery Material designated as "HIGHLY CONFIDENTIAL" to any person not specified in paragraph 7 (the "Proposed Disclosure"), that party shall notify counsel for the Designating Party in writing of: (i) the Designated Materials it wishes to disclose, and (ii) the person or persons to whom such disclosure is to be made. In the event the Disclosing Party does not consent to the Proposed Disclosure within fourteen (14) days of receipt of the re-designation request, the party requesting the Proposed Disclosure may petition the Court for an order permitting the Proposed Disclosure. Counsel shall obtain from all persons to whom disclosures are made pursuant to this paragraph a written acknowledgement in the form of Exhibit 1 hereto, that such person or persons have reviewed a copy of this Protective Order, will comply with its terms in all respects, and will submit to the jurisdiction of this Court for adjudication of any dispute about whether such person or persons have complied

with the terms of this Protective Order.

11. **How to Designate.** Disclosing parties shall designate Discovery Materials "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PROTECTED HEALTH INFO" as follows:

(a) In the case of documents, responses to requests for admissions and interrogatories, and the information contained therein, designation shall be made by placing one or more of the following legends on every page of any such document prior to production, as appropriate: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFO";

(b) In the case of depositions, designation of the portion of the transcript (including exhibits) that contains Designated Materials may be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the party to whose Designated Materials the deponent has had access, which counsel shall designate within thirty (30) days after counsel's receipt of a certified transcript from the court reporter. If a portion of a deposition is designated as containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFO" materials before the deposition is transcribed, the transcript of the "Designated Materials" shall be bound in a separate volume marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PROTECTED HEALTH INFO" as appropriate. If a portion of a deposition is designated as Designated Materials during the course of a deposition, counsel may request all persons, except persons entitled to receive Designated Materials pursuant to this Protective Order,

to leave the room while the deposition is proceeding until completion of the answer or answers containing Designated Materials. If a portion of a deposition is designated as Designated Materials after the deposition is transcribed, counsel for the Designating Party shall list on a separate piece of paper or in an e-mail to all counsel the numbers of the pages of the transcript containing Designated Materials, and send the list to counsel for all parties. All parties shall affix the list to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "HIGHLY CONFIDENTIAL." If no designation is made within thirty (30) days after receipt of a certified transcript from the court reporter, the transcript shall be considered not to contain any Designated Materials;

(c) Any Designated Materials produced in a non-paper medium (e.g., videotape, audiotape, computer disk, *etc.*) may be designated by labeling the outside of such non-paper medium as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PROTECTED HEALTH INFO." In the event a party receiving information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PROTECTED HEALTH INFO" (a "Receiving Party") generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must stamp each page "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "PROTECTED HEALTH INFO" and the hard copy, transcription or printout shall be treated as it is designated.

12. **Exclusion of Persons from Depositions.** Whenever Designated Materials are to be discussed in a deposition, the Designating Party may exclude from the room any person who is not authorized to see or receive the Designated Materials pursuant to paragraphs 6, 7, or 8 above.

13. **Filing of Designated Materials.** Transcripts of depositions or documentation produced in the action will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. The parties shall, to the extent possible, file redacted versions of sealed filings that redact any portions of those filings that contain or reflect Designated Materials. If a motion to seal is pending, any materials filed under seal shall remain under seal and shall not be disclosed to any person other than court personnel, opposing counsel, and any other person permitted under the terms of this Protective Order to have access to the sealed materials until the Court has ruled on that motion. If the Court grants the motion to file under seal, the documents shall remain under seal and shall not be disclosed except as provided in this Protective Order or other Court Order. A complete, unredacted set of documents filed under seal shall be provided by the filing party to opposing counsel.

14. **Failure to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFO" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such materials. If the material is appropriately designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFO" after it was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the Designated Materials are treated in accordance with the provisions of this Protective Order thereafter until, if necessary, there is judicial resolution of any

arguments about waiver or the timeliness of correction.

15. **Challenging Designation.** A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFO" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the Designating Party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis within ten (10) business days of notice of the disagreement. If the dispute has not been resolved within this time period, the party seeking to de-designate the information may initiate preparation of the joint stipulation pursuant to Local Rule 37-2.2. Completion and filing of the joint stipulation shall be as set forth in Local Rule 37-2.2. The burden of proving that information has been properly designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFO" is on the Designating Party. Discovery Material designated as Designated Materials shall retain this status as well as its category of designation until such time as either: (a) the parties expressly agree otherwise in writing, or (b) the Court orders otherwise, unless such order is stayed pending appellate review.

16. **Effect of Use in Court Proceeding.** In the event that any Designated Materials are used in any court proceeding in connection with this litigation (other than trial), it shall not lose its "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFO" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

17. **Trial Order.** In the event the case proceeds to trial, a separate order must be entered by this Court governing the confidentiality of any

Designated Materials.

18. **Inadvertent Disclosure.** If Designated Materials are inadvertently disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the Designating Party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

19. **Responding to Subpoenas.** In the event any Receiving Party having possession, custody, or control of any Designated Materials provided by the Designating Party receives a subpoena or other process or order to produce in another legal proceeding the Designated Materials, such Receiving Party shall immediately notify counsel for the Designating Party of the subpoena or other process or order, furnish counsel for the Designating Party with a copy of said subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose interests may be affected. The Designating Party shall have the burden of defending against such subpoena, process, or order. The Receiving Party shall be entitled to comply with the subpoena, process, or order except to the extent the Designating Party is successful in obtaining an order modifying or quashing the subpoena, process, or order.

20. **Not an Admission or a Waiver.** Entering into, agreeing to, and/or producing or receiving information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PROTECTED HEALTH INFO" or otherwise complying with the terms of this Protective Order shall not:

- operate as an admission by any party that any material designated by another party or non-party actually contains or reflects trade secrets or other confidential information;

- reduce in any way the rights of the parties or non-parties from whom discovery may be sought to object to a request for discovery or to the production of documents or materials that they may consider not subject to discovery or privileged from discovery;
- prejudice in any way the rights of any party to object to the authenticity or admissibility of any document, materials, or testimony that is subject to this Protective Order;
- prejudice in any way the rights of any party to seek a determination by the Court as to the appropriateness of a designation; and/or
- prevent the parties from agreeing to alter or waive the protections or remedies provided in this Protective Order with respect to any particular Designated Materials or Discovery Materials, provided that such agreement, alteration, or waiver is in writing and signed by both parties.

21. **Objections.** The procedures set forth herein shall not relieve a party of the necessity of making timely responses or objections to discovery requests. Notwithstanding anything to the contrary contained herein, all objections as to the form and scope of discovery and/or to the admissibility of evidence subject to this Protective Order are reserved and are not waived in any respect by any terms of this Protective Order or by production of Discovery Materials designated in this litigation. Accordingly, this Protective Order shall not be construed as a waiver of any right to object to the furnishing of documents and/or information in response to discovery based on other grounds including, without limitation, that the information sought is privileged, protected from disclosure by third-party or other privacy rights, irrelevant, burdensome, or otherwise non-discoverable or inadmissible at trial or other proceedings in this litigation.

22. **Preservation of Rights and Obligations.** This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any proprietary information or trade secrets. The fact that any document or information is disclosed, used or produced in discovery or trial herein shall not be admissible evidence in any action or proceeding before any court, agency or tribunal on the issue of whether or not such document or information is confidential or proprietary.

23. **Relief from Court.** This Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in this Protective Order. This Protective Order may be amended without leave of court by the mutual written agreement of counsel for all parties in this action in the form of a stipulation that shall be filed with the Court. The Court retains jurisdiction to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate.

24. **Use of Party's Own Confidential Materials.** Nothing contained herein shall preclude a producing entity or person from using his, her, or its own confidential information, documents, or materials in any manner he, she, or it sees fit, or from revealing such confidential information, documents, or materials to whomever he, she, or it chooses.

25. **Termination of Action.** After termination of this action, the restrictions on the communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom Designated Materials or information contained therein have been communicated or disclosed pursuant to the provisions of this Protective Order or any other Order of this Court. The Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

26. **Return of Designated Materials.** All Designated Material subject to this Protective Order shall be returned to the Designating Parties upon termination

of this action (or, upon written permission by the Designating Party, destroyed). Termination of this action shall be taken and construed as the date forty-five (45) days following (a) the filing of a stipulated dismissal or the entry of a voluntary dismissal; (b) a final non-appealable order disposing of this case; or (c) the expiration of the time for any appeal. Upon such termination, counsel of record for the Receiving Party shall notify counsel for the Designating Party of compliance. Counsel for the Receiving Party shall make a reasonable effort to retrieve any documents or information subject to this Protective Order from any person to whom such information has been given, and shall notify counsel for the Designating Party of the failure to retrieve any such information. Such information shall include descriptive detail of any document not returned or destroyed. Nothing in this paragraph shall preclude outside counsel from retaining after termination of this action one copy of (a) pleadings, motions, and memoranda filed with the Court; and (b) deposition, hearing, and trial transcripts and exhibits, provided, however, that: (i) counsel may not disclose retained materials that contain Designated Materials to any unauthorized person; (ii) counsel shall keep such retained materials in a manner reflecting their confidential nature; and (iii) counsel shall redact any Protected Health Information from its retained copy.

**IT IS SO ORDERED.**

DATED:   September 7, 2012            /s/ (Sheri Pym)
                                      Honorable Sheri Pym
                                      United States Magistrate Judge

# EXHIBIT 1
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2012 in the case of **CHERYL KONRATH v. COMMERCIAL METALS COMPANY, Case No.: EDCV 12-00670-VAP (SPx).** I agree to comply with and to be bound by all the terms of the Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I appoint _____ [full name] of _____ _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____